UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **DOUGLAS WELCH,** | § | **CIVIL ACTION NO.** |
| **Plaintiff,** | § | _____ |
| | § | |
| vs. | § | |
| | § | |
| **REPUBLIC SERVICES, INC. d/b/a** | § | **JURY DEMAND** |
| **REPUBLIC WASTE SERVICES** | § | |
| **GROUP OF TEXAS, INC.** | § | |
| **Defendant.** | § | |
| | § | |

## COMPLAINT

Douglas Welch, Plaintiff, respectfully pleads as follows:

### Jurisdiction

1. The Court has jurisdiction under 28 U.S.C. § 1332(a)(1) for Douglas Welch's claims under the substantive law of Texas: Douglas Welch is a citizen of Texas, Defendant Republic Services, Inc., d/b/a Republic Waste Services Group of Texas, Inc. ("Republic Services"), is a corporate citizen of Delaware (the state where it has been incorporated) and of Arizona (the state of its principal place of business, which is Phoenix), and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## Venue

2.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2): a substantial part of the events or omissions giving rise to the claim occurred in Victoria County, Texas.

## Facts

3.     Douglas Welch brings this suit to recover damages for the severe personal injuries he sustained on January 23, 2021, due to Republic Services's negligence. More specifically, Mr. Welch had backed up his truck and trailer at a landfill in Victoria County in order to unload materials and was standing at the back of his trailer after opening the tailgate. Republic Services's employee was operating a bulldozer in the area where Plaintiff was standing. The driver of the bulldozer then began backing up and, for no apparent reason other than carelessness, crashed into Mr. Welch's trailer. The trailer then violently struck Mr. Welch, knocking him down and injuring him on the spot. There was nothing Mr. Welch could have done to avoid the collision. The collision was proximately caused by Republic Services's negligence/negligence per se.

4.     As a result, Mr. Welch sustained personal injuries.

5.     Whenever in this petition it is alleged that Republic Services did any act or thing, it is meant that Republic Services's agents, officers, servants, borrowed servants, employees or representatives did such act or thing and at that the time such

act or thing was done, it was done with the full authorization or ratification of Republic Services or was done in the normal and routine course and scope of employment of Republic Services's officers, agents, servants, borrowed servants, employees or representatives. The principal is vicariously liable for the acts of the agent because of an employer-employee status, agency by estoppel, ostensible agency, or borrowed servant doctrine.

6.  The injuries and damages suffered by Mr. Welch were directly and proximately caused by the negligence and/or negligence per se of Republic Services, individually and acting by and through its servants, agents, and employees as hereinafter set out.

## Claim: Negligence and/or Negligence Per Se under Texas Law

7.  The collision and the resulting serious injuries to Mr. Welch made the basis of this suit resulted from the negligence and/or negligence per se of Republic Services, acting by and through its servants, agents, and employees.

## Damages

8.  Each and all of the foregoing acts both of omission and commission, constituted negligence and were each and all a proximate cause of the occurrence and resulting damages made the basis of this suit. As a result of said actions on the part of Republic Services, Mr. Welch is entitled to recover damages as hereinafter alleged.

9.  The above-referenced acts and/or omissions of Republic Services, when

viewed objectively from the standpoint of Republic Services at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others, and were of such a nature that Republic Services had, or should have had, a subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including but not limited to the Mr. Welch. Republic Services should therefore be required to pay exemplary damages, for which Mr. Welch now sues.

10. As result of the above described, Mr. Welch suffered severe personal injuries, including permanent bodily impairment, as well as loss of earning capacity in the past, and a loss of earning capacity in the future. Mr. Welch has experienced physical pain and mental anguish and will, in reasonable probability, continue to do so in the future. Mr. Welch has been caused to incur medical charges and expenses in the past and will continue to incur medical expenses in the future for his injuries.

## Jury Demand

11. Mr. Welch demands trial by jury.

## Prayer for Relief

12. Mr. Welch prays that judgment be entered in his favor awarding the following relief:

    a. Judgment against Republic Services for Mr. Welch's damages as set forth above as may be found by a jury;

b. Interest on said judgment at the legal rate from date of judgment;

c. Prejudgment interest as allowed by law;

d. Costs of Court;

e. Exemplary damages; and

f. Such other and further relief to which Mr. Welch may be entitled.

Respectfully submitted,

MAREK, GRIFFIN & KNAUPP
203 N. Liberty St.
Victoria, Texas 77902
(361) 573-5500 [Telephone]
(361) 573-5040 [Telecopier]

By: /s/ David C. Griffin
DAVID C. GRIFFIN
State Bar No. 08456950
dcg@lawmgk.com

/s/ Robert E. McKnight, Jr.
ROBERT E. McKNIGHT, JR
State Bar No. 24051839
mcknightr@lawmgk.com

ATTORNEYS FOR DOUGLAS WELCH